884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sandra HOUCHINS, a/k/a Misty, Defendant-Appellant.
 No. 89-5538.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 24, 1989.
Decided Aug. 17, 1989.
 
 E. Thomas Maxwell, Jr., on brief for appellant.
 Gregg L. Bernstein, Assistant United States Attorney on brief, for appellee.
 Before HARRISON L. WINTER, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Sandra L. Houchins waived her right to a jury trial and was convicted by the district court sitting non-jury of one count of conspiracy to distribute and possession with intent to distribute cocaine, and two counts of possession with intent to distribute cocaine. She appeals contending that incriminating evidence uncovered as a result of a warrantless search of her automobile, the trunk of the automobile and her purse which was in the automobile, was illegally obtained, that she did not validly consent to a search of her apartment in which a quantity of cocaine was discovered and that, pursuant to Section 3B1.1 of the Sentencing Guidelines, the district court improperly increased the base level of her offense by four steps because there was not sufficient evidence to show that she was an organizer or a leader of a criminal activity that involved five or more participants.
 
 
 2
 We find no merit in any of these contentions, and we affirm.
 
 I.
 
 3
 Defendant was arrested early on the night of June 7, 1988 when she was en route by automobile from her home to the area of downtown Baltimore in which she had been observed conducting a series of sales of cocaine. As she was arrested, her automobile was searched, as well as the trunk of the car and her pocketbook which was on the front seat. Quantities of cocaine were found in the trunk and in her purse. Also found in her purse was an address book containing a page marked "loans" on which were listed names and amounts. Four of these names were of people whom a government witness at her trial testified that she had identified as individuals who could be contacted for additional purchases of cocaine.
 
 
 4
 The district court found that the search of the automobile, the trunk and the purse were valid as inventory searches which had been conducted under regulations of the Drug Enforcement Agency. As a factual matter, these findings are not clearly erroneous, and the legal conclusion is correct that the searches were valid as exceptions to the warrant requirements of the Fourth Amendment. Colorado v. Bertine, 479 U.S. 367 (1986); South Dakota v. Opperman, 428 U.S. 364 (1983). Additionally, we have no doubt that there was good ground to believe as the result of prior surveillance that the car contained narcotics and thus there was ample probable cause to justify a warrantless search of the car and its contents. Carroll v. United States, 267 U.S. 132 (1925); United States v. Ross, 456 U.S. 798 (1981).
 
 II.
 
 5
 Defendant's complaint about the search of her apartment is that she was coerced into her purported consent to the search. She did consent, but it was at a time after she had requested the opportunity to communicate with her lawyer in the exercise of her Miranda rights but before she was permitted to telephone him. There was conflicting evidence as to what, if anything, she was told about the likelihood that the contents of her apartment would be destroyed if she required law enforcement officials to obtain a warrant. The district court found, however, that her consent to the search was freely and fully given, and this finding is not clearly erroneous. There is ample precedent for the proposition that a defendant's indication of a desire to exercise her Miranda rights does not preclude the giving of valid consent to a search before the rights have been exercised. United States v. Cherry, 794 F.2d 201 (5 Cir.1986), cert. denied, 107 S.Ct. 932 (1987); United States v. Busic, 592 F.2d 13 (2 Cir.1978).
 
 III.
 
 6
 Section 3B1.1 of the Sentencing Guidelines provides that the offense level of a convicted defendant should be increased by four levels "if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Defendant contends that the government failed to adduce sufficient evidence to justify increasing her offense level by four levels. In fact, after increasing her offense level by four levels, the district court reduced her sentence by three months below the minimum for the increased level because of defendant's poor health.
 
 
 7
 We read the record to contain ample evidence to justify the increase in the offense level. At trial there was testimony by a government informant that defendant had told him that if he needed additional cocaine he could contact one of four other individuals who could supply him. The address book found in defendant's purse listed the same four individuals identified by the informant as other sources of cocaine. In addition, the quantities of cocaine found in defendant's car, her purse, on her person, and at her apartment, clearly indicated that she was engaged in a large-scale operation which unquestionable involved a number of individuals. We therefore perceive no error on the part of the district court in increasing the offense level.
 
 
 8
 Because we do not think that the decisional process would be aided by oral argument, we decide this case summarily.
 
 
 9
 AFFIRMED.